UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES GRADFORD, JR., | Case No. 2:24-cv-1841-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| WARDEN, | |
| Defendant. | |

Plaintiff, a former state inmate, brings this § 1983 action against "The Warden (CDCR)." ECF No. 1. The allegations in the complaint are insufficient to proceed past screening. Plaintiff's application to proceed *in forma pauperis* makes the required showing and will be granted. Plaintiff's complaint, however, will be dismissed with leave to amend.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

1

1    1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
2    give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
3    n.2 (9th Cir. 2006) (en banc) (citations omitted).
4    　　　The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
5    U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
6    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
7    would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
8    However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
9    of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
10   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

12   　　　The complaint contains no discernible facts supporting a cognizable claim. Besides
13   plaintiff's vague reference to a 2019 settlement agreement, the factual basis of plaintiff's
14   complaint is that he was threatened with harm after an unidentified person discovered that he
15   planned to file a prison or jail grievance. ECF No. 1 at 4. He states that attorney Dan Farror
16   witnessed the threat. *Id.* In the section provided for listing injuries on the form complaint,
17   plaintiff writes, "unfair and unequal treatment in everyway completely uneducated d in law and
18   procedures v. high paid lawyers." *Id.* at 5.
19   　　　Plaintiff's complaint fails to state a claim. Plaintiff has neither identified what alleged
20   wrongdoing defendant has engaged in nor identified an individual responsible for the
21   wrongdoing. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff
22   must allege with at least some degree of particularity overt acts which defendants engaged in that
23   support the plaintiff's claim."). Should plaintiff choose to amend his complaint, he should take
24   care to add specific factual allegations against the defendant. If plaintiff decides to file an
25   amended complaint, the amended complaint will supersede the current one. *See Lacey v.*
26   *Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended
27   complaint will need to be complete on its face without reference to the prior pleading. *See* E.D.
28   Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any

function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

   Accordingly, it is hereby ORDERED that:

   1. Plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 14, is granted, and his successive application for leave to proceed *in forma pauperis*, ECF No. 17, is denied as unnecessary.

   2. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.

   3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

   4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

   5. The Clerk of Court shall send plaintiff a complaint form with this order.


IT IS SO ORDERED.

Dated:   November 27, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3