UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES GRADFORD, JR., <br><br> Plaintiff, <br><br> v. <br><br> WARDEN, <br><br> Defendant. | Case No. 2:24-cv-1841-JDP (P) <br><br><br> ORDER |

Plaintiff, a former prisoner, brings this action against various defendants, including a Stanislaus County sheriff's deputy, the warden of Mule Creek State Prison, an unspecified United States District Court, a Stanislaus County probation officer, and, potentially, others unlisted in the caption. ECF No. 19 at 3. The complaint fails for two reasons. First, the various claims contained therein do not appear factually or legally related and, thus, are unsuited to proceed together. Second, none of the claims is sufficiently pled to proceed individually. I will dismiss the first amended complaint with leave to amend. This will be plaintiff's final opportunity to amend before I recommend dismissal of this action. In light of that dismissal, I will deny plaintiff's pending motions to amend, for relief, to dismiss invalid contract, and for monetary redress. ECF Nos. 20, 21, 22, & 23.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's operative complaint appears to raise at least three separate and unrelated claims against multiple defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . ."). First, he alleges that, in 2016

1   and while in a "holding tank" at the Stanislaus County Superior Court, he witnessed a deputy
2   named Texeira physically abuse another detainee. ECF No. 19 at 4-5. Plaintiff claims that he
3   objected to the abuse and filed a grievance concerning it, and, thereafter, Texeira made
4   threatening gestures toward him on several occasions. *Id.* at 7-9. This claim, however, insofar as
5   it arises from events occurring in 2016, appears time-barred because this action was not filed until
6   2024. *See Lewis v. Khan*, No. 3:19-cv-1254-WQH-AHG, 2019 U.S. Dist. LEXIS 141386, *8
7   (C.D. Cal. Aug. 20, 2019) ("[T]he effective statute of limitations for most California prisoners is
8   three years for claims accruing before January 1, 2003, corresponding to a one-year limitations
9   period and two years for statutory tolling, and four years for claims accruing thereafter . . . .").
10  Plaintiff may address this issue if he raises this claim in his future amended complaint.

11       Second, plaintiff alleges that, after being transferred to Mule Creek State Prison,
12  correctional officers behaved unprofessionally toward him, using foul language and sexually
13  suggestive gestures. ECF No. 19 at 9-12. I cannot tell how many defendants this claim
14  implicates, whether and how it implicates the facility warden named as a defendant in the caption,
15  or how it relates to the foregoing claim concerning alleged misconduct in Stanislaus County.

16       Third, plaintiff raises claims related to his interactions with a Stanislaus County probation
17  officer, including a search of his living space that culminated in a ten-day period of incarceration
18  in county jail. *Id.* at 13-15. I cannot tell when these claims occurred, what rights were allegedly
19  violated, or how, if at all, they relate to the other claims.

20       I will dismiss plaintiff's complaint with leave to amend so that he may attempt to remedy
21  these deficiencies. Plaintiff is advised that the amended complaint will supersede the current
22  complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The
23  amended complaint should be titled "Second Amended Complaint" and refer to the appropriate
24  case number.

25       Accordingly, it is ORDERED that:
26       1. Plaintiff's amended complaint, ECF No. 19, is DISMISSED with leave to amend.
27       2. Within thirty days from service of this order, plaintiff shall file either (1) an amended
28  complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

5. Plaintiff's motion to amend, ECF No. 20, request for relief, ECF No. 21, request to dismiss invalid contract, ECF No. 22, and request for monetary redress, ECF No. 23 are all DENIED.

IT IS SO ORDERED.

Dated:    April 15, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4